UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
SHEET METAL WORKERS' LOCAL UNION NO. 80
PENSION TRUST FUND; SHEET METAL WORKERS'
LOCAL UNION NO. 80 ANNUITY FUND; SHEET
METAL WORKERS' LOCAL UNION NO. 80 INSURANCE
TRUST FUND; SHEET METAL WORKERS' LOCAL
UNION NO. 80 SUPPLEMENTAL UNEMPLOYMENT
BENEFIT FUND; and SHEET METAL WORKERS'
LOCAL UNION NO. 80 JOINT APPRENTICESHIP FUND,

        Plaintiffs,

        Case No.

v.

        Hon.

DETROIT CORNICE & SLATE CO., INC.,

        Defendant.
_____/
WATKINS, PAWLICK,
CALATI & PRIFTI, PC
HOPE L. CALATI (P54426)
JOSEPH W. UHL (P68990)
Attorneys for Plaintiffs
1423 E. 12 Mile Rd.
Madison Heights, MI 48071
(248) 658-0800
hcalati@wpcplaw.com
juhl@wpcplaw.com
_____/

# COMPLAINT

Plaintiffs Trustees of the Sheet Metal Workers' Local Union No. 80 Pension

Trust Fund, Sheet Metal Workers' Local Union No. 80 Annuity Fund, Sheet Metal

1

Workers' Local Union No. 80 Insurance Trust Fund, Sheet Metal Workers' Local Union No. 80 Supplemental Unemployment Benefit Fund, and Sheet Metal Workers' Local Union No. 80 Joint Apprenticeship Fund (collectively "Plaintiffs"), by and through their attorneys, Watkins, Pawlick, Calati & Prifti, PC, complain against Defendant Detroit Cornice & Slate Co., Inc., as follows:

1. Plaintiffs are Trustees of the Sheet Metal Workers' Local Union No. 80 Pension Trust Fund, the Sheet Metal Workers' Local Union No. 80 Annuity Fund, the Sheet Metal Workers' Local Union No. 80 Insurance Trust Fund, the Sheet Metal Workers' Local Union No. 80 Supplemental Unemployment Benefit Fund and the Sheet Metal Workers' Local Union No. 80 Joint Apprenticeship Fund (collectively, "Funds").

2. Each of the Funds were established through collective bargaining and maintained and administered pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 USC §186, *et seq.*, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 USC §1001, *et seq*.

3. The Funds maintain their principal offices in the City of Troy, County of Oakland, State of Michigan.

4. Defendant Detroit Cornice & Slate Co., Inc. ("Defendant") is a Michigan corporation doing business in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(5) and (12).

5. Defendant's principal place of business is in the City of Ferndale, County of Oakland, State of Michigan.

6. Jurisdiction of this Court is predicated on Section 301 of LMRA, 29 USC §185, and Sections 502(a)(2) and 515 of ERISA, 29 USC §1132(a)(2) and §1145, this being a suit for breach of the fringe benefit provisions of collective bargaining agreements ("Agreements") entered into between Sheet Metal Workers' Local Union No. 80, an unincorporated labor organization representing employees in an industry affecting commerce within the meaning of 29 USC §142 and §185 and 29 USC §1002(12), and SMACNA - Detroit Chapter, an employer association, to which Defendant Detroit Cornice & Slate Co., Inc., as an employer, is bound.

7. Venue of the United States District Court for the Eastern District of Michigan, Southern Division, is appropriate pursuant to Section 502(e)(2) of ERISA, 29 USC §1132(e)(2), the district in which the Funds are administered.

8. Defendant is bound by the Agreements, copies of which are in Defendant's possession.

3

9. Defendant also is, and has been, bound by the terms of the applicable trust agreements establishing the Funds incorporated by reference in the Agreements.

10. Under the terms of the Agreements, Defendant became obligated to make contributions to the Plaintiffs with respect to covered work performed by and wages paid to Defendant's employees and to submit its books and records to Plaintiffs for periodic inspection and audit.

11. An audit of Defendant's books and records covering the work months of July 2018 through December 2019 revealed an indebtedness of $187,150.88, consisting of $264,018.39 in delinquent contributions, $26,401.84 in liquidated damages resulting from the audit, $58,672.71 in liquidated damages resulting from late payment assessments, and $2,662.00 in cost of audit, less payments totaling $164,614.06.

12. Defendant has failed to pay the $187,150.88 audit balance due to Plaintiffs.

WHEREFORE, Plaintiffs request this Court enter judgment against Defendant, in Plaintiffs' favor, and containing the following provisions:

A. Adjudicating that Defendant is bound to pay contributions to Plaintiffs for the benefit of the Funds as alleged in this Complaint from, at the latest, July 2018;

B.  Awarding Plaintiffs for the benefit of the Funds the amount of $187,150.88, consisting of $264,018.39 in delinquent contributions, $26,401.84 in liquidated damages resulting from the audit, $58,672.71 in liquidated damages resulting from late payment assessments, and $2,662.00 in cost of audit, less payments totaling $164,614.06;

C.  Requiring Defendant to make available to an auditor appointed by Plaintiffs all of its books, records and accounts, showing work performed by employees, hours worked by employees and any sums paid to Plaintiffs and to employees covered by the Agreements for the period January 2020 to the date of said audit, and to pay for the cost of auditing said books;

D.  Awarding Plaintiffs all amounts such audit reveals as owed by Defendant to Plaintiffs;

E.  Awarding Plaintiffs all costs, interest, and attorneys' fees incurred in bringing and prosecuting this present action to which they are entitled under Section 502(g)(2) of ERISA, 29 USC §1132(g)(2), and Plaintiffs' plan documents; and

F.  Granting Plaintiffs any and all other relief (including injunctive and equitable relief) to which they might be entitled in equity and good conscience.

Respectfully submitted,

WATKINS, PAWLICK,
CALATI & PRIFTI, PC

BY:  s/ Hope L. Calati

HOPE L. CALATI (P54426)
Attorney for Plaintiffs
1423 E. 12 Mile Rd.
Madison Heights, MI 48071
(248) 658-0800
hcalati@wpcplaw.com

Date: March 12, 2020